■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GAYDEN, Appellant. [889 NYS2d 131]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered June 14, 2006. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree and robbery in the first degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, that part of the motion seeking to suppress statements made by defendant to investigating officers on November 2, 2005 is granted and a new trial is granted on counts one, two and three of the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the first degree (Penal Law § 140.30 [4]) and two counts of robbery in the first degree (§ 160.15 [4]). Under the circumstances of this case, we agree with defendant that the People failed to establish that he consented to accompany certain investigating officers to the police station and that his subsequent detention at the police station on November 2, 2005 constituted a de facto arrest that was not supported by probable cause. We note at the outset that the

People do not contend on appeal that there was in fact probable cause for the alleged de facto arrest and instead rely solely on the theory that defendant consented to accompany the investigating officers to the police station. We therefore do not address the issue of probable cause.

We conclude that Supreme Court erred in refusing to suppress the statements made by defendant to the investigating officers on that date (*see generally* CPL 140.10 [1] [b]; *People v Hicks*, 68 NY2d 234, 239-240 [1986]). On the night of October 13, 2005, defendant was treated at a hospital for a gunshot wound. He reported to the police that he was wounded when he was robbed by two assailants. At approximately the same time that defendant was being treated at the hospital, a burglary victim arrived at the hospital and reported to the police that the gun of one of the burglars accidentally fired and hit a second burglar. The victim could not positively identify defendant as that second burglar during a showup identification at the hospital. Over two weeks later, when the investigating officers met with defendant at his residence and asked him to show the officers the location where he was allegedly robbed, defendant agreed to do so. He accompanied the officers to an intersection two miles from the home of the burglary victim. The officers then transported defendant to the police station, whereupon they informed him that they did not believe his version of the events of the night of October 13th. After defendant waived his *Miranda* rights, the officers asked him questions that resulted in the inculpatory statements that he moved to suppress.

Even according great weight to the determination of the suppression court, "with its peculiar advantages of having seen and heard the witnesses" (*People v Prochilo*, 41 NY2d 759, 761 [1977]), we conclude that the evidence at the suppression hearing does not support the court's determination that defendant voluntarily accompanied the investigating officers to the police station and thus that he was not in custody when he made the statements (*cf. People v Yukl*, 25 NY2d 585, 592 [1969], *cert denied* 400 US 851 [1970]). "In determining the scope of consent, a suppression court must look to the exchange between the parties—both the request and the response—and any attendant circumstances" (*People v Gomez*, 5 NY3d 416, 420 [2005]). Although it is undisputed that defendant agreed to accompany the investigating officers to the intersection where he allegedly had been shot, the People failed to present any evidence at the suppression hearing on the issue whether defendant, who had no other means of transportation to travel back to his home, in fact consented to accompany the officers to the police station

(*see People v Rosa*, 30 AD3d 905, 908 [2006], *lv denied* 7 NY3d 851 [2006]). Therefore, viewing the circumstances in the light of " 'what a reasonable [person], innocent of any crime, would have thought had he [or she] been in the defendant's position,' " we agree with defendant that his detention was in fact the equivalent of an arrest, requiring probable cause (*Hicks*, 68 NY2d at 240, quoting *Yukl*, 25 NY2d at 589). In view of our determination, we do not address defendant's challenge to the severity of the sentence. Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Gorski, JJ.